IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAJUN GLOBAL, LLC; § <br> CAJUN OPERATING COMPANY; § <br> CAJUN REALTY, LLC; § <br> CAJUN FUNDING CORP, § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> ROYAL TEXAS, LLC; § <br> BAH TEXAS, L.P.; § <br> BAH TEXAS, LLC; § <br> BAH TEXAS HOSPITALITY CORP; § <br> TRIANGLE CAPITAL PROPERTIES, LLC; § <br> DAVID DAVOUDPOUR § <br> § <br> *Defendants*. § | Case. No.  4:22-cv-1719 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Triangle Capital Properties, LLC ("***Triangle***") hereby removes this action from the District Court in the 125th Judicial District of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, the Defendant states as follows:

## FACTUAL AND PROCEDURAL HISTORY

1. On May 25, 2022, Plaintiffs Cajun Global, LLC, Cajun Operating Company, Cajun Realty, LLC, and Cajun Funding Corp. ("***Cajun***" or "***Plaintiffs***") filed their Supplemental Petition and Second Supplemental Verified Application for Emergency Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "***Supplemental Petition***") for the first time naming Triangle as a Defendant in the District Court in the 125th Judicial District of Harris County,

1

Texas, cause number 2022-17350 (the "**Harris County District Court matter**").[1] Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Supplemental Petition is attached as **Exhibit A**.[2]

2. Removal is being effectuated within 30 days of receipt of the Supplemental Petition pursuant to 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

3. Under 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' action as it arises under the Constitution, laws, or treaties of the United States. As explained below, Plaintiffs have asserted a trademark infringement claim under 15 U.S.C. § 1114 of the Lanham Act and an unfair competition claim under 15 U.S.C. § 1125 of the Lanham Act.

## FEDERAL QUESTION EXISTS

4. The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

5. Such federal questions are at issue here.

6. Plaintiffs have pleaded two separate causes of action under the Federal Lanham Act under §§ 1114 and 1125 for trademark infringement and unfair competition. **Exhibit B**, pg. 23 (Count 66) and pg. 24 (Count 67). Both of these causes of action are central to Plaintiffs' request for relief, as Plaintiffs allege that the trademark infringement and unfair competition are causing their irreparable harm. *Id*., pgs. 31-36; **Exhibit A**, pg. 31 (incorporating the immediate and irreparable harm prong discussion from its Original Petition into the Supplemental Petition, which is based on the federal claims). Plaintiffs' requested relief against Triangle is based on these federal

---

[1] Cajun also added the other new Defendants—not served at the time of this filing—in their Supplemental Petition. Those Defendants are BAH Texas, L.P.; BAH Texas, LLC; BAH Texas Hospitality Corp; and David Davoudpour, individually. Royal Texas, LLC was the original and sole Defendant.

[2] Prior to Cajun adding Triangle as a Defendant in the Harris County District Court matter, Triangle initiated a lawsuit against Cajun in Georgia (Superior Court of Fulton County, 2022CV364219) related to Cajun's trespass and interference with its leasehold rights. Those claims are distinct from those that Cajun has asserted against Triangle in the Harris County District Court matter.

statutes. **Exhibit A**, proposed order (requesting trademark and unfair competition injunctions against all defendants, including Triangle).

## PROCEDURAL REQUIREMENTS

7. Removal to this District is proper because the District Court of Harris County, Texas is within the Southern District of Texas. 28 U.S.C. § 1441(a), § 1446(a).

8. Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

   a. Plaintiffs' Supplemental Petition, which is the sole pleading asserting causes of action against Triangle, is attached as **Exhibit A**;

   b. Plaintiffs' Original Petition, asserting causes of action against Royal Texas, LLC ("***Royal Texas***") is attached as **Exhibit B**;

   c. Royal Texas, LLC's Original Answer against Cajun is attached as **Exhibit C**;

   d. All executed process in the case is attached as **Exhibit D**;

   e. The docket sheet is attached as **Exhibit E**;

   f. All orders signed by the state judge are attached as **Exhibit F**;

   g. An index of matters being filed is attached as **Exhibit G**; and

   h. A list of all counsel of record, including addresses, telephone numbers and parties represented, is attached as **Exhibit H**.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiffs written notice of the filing of this Notice of Removal.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant shall concurrently file the written notice of the filing of this Notice of Removal with the District Court of Harris County, attaching

as Exhibit 1 thereto a copy of this Notice of Removal and the documents attached to the Notice of Removal.

11. Simultaneously with the filing of this Notice of Removal, Defendant file its Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

## CONSENT TO REMOVAL

12. As of the time of this filing, the only other defendant properly joined and served in the Harris County District Court matter is Royal Texas. Royal Texas, through counsel, expressly consents to this removal pursuant to 28 U.S.C. § 1446 (b)(2)(A).

Dated: May 26, 2022              **DLA PIPER LLP (US)**

By: */s/ Mark Waite*
   Mark A. Waite
   *Attorney-in-Charge*
   Texas Bar No. 004791865
   S.D. Tex. Bar No. 00791865
   Mark.Waite@us.dlapiper.com
   Cara Vasquez
   Texas Bar No. 24084011
   S.D. Tex. Bar No. 1998312
   Cara.Vasquez@us.dlapiper.com
   845 Texas Avenue, Suite 3800
   Houston, Texas 77002
   Tel: 713.425.8468
   Fax: 713.300.6038

   **COUNSEL FOR DEFENDANT
   TRIANGLE CAPITAL PROPERTIES, LLC**

**CONSENT TO REMOVAL:**

*/s/ Gary D. Sarles*
Gary D. Sarles
O. Paul Dunagan
**SARLES & OUIMET, PLLC**
900 Jackson Street, Suite 370
Dallas, Texas 75202
Tel: 214.573.6300
Fax: 214.573.6306
gsarles@sarleslaw.com
dunagan@sarleslaw.com

Robert Zarco
Robert M. Einhorn
Michael Braunstein
**ZARCO EINHORN SALKOWSKI
& BRITO, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd, 34th Floor
Miami, Florida  33131-2193
Tel: 305.374.5418
Fax: 305.374.5428
rzarco@zarclolaw.com
reinhorn@zarcolaw.com
mbraunstein@zarcolaw.com

**COUNSEL FOR DEFENDANT
ROYAL TEXAS, LLC**

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all counsel of record in accordance with Rule 21a of the Texas Rules of Civil Procedure on May 26, 2021.

                                                      */s/ Mark Waite*_____
                                                     Mark A. Waite

Glenn A. Ballard, Jr.
Mukul S. Kellar
DENTONS US LLP
1221 McKinney Street, Suite 1900
Houston, Texas 77010
glenn.ballard@dentons.com
mukul.kellar@dentons.com

Brian P. Baggott
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64108
Brian.baggott@dentons.com

Joel D. Siegel
601 S. Figueroa Street, Ste. 2500
Los Angeles, California 90017
Joel.siegel@dentons.com

Gary D. Sarles
O. Paul Dunagan
SARLES & OUIMET, PLLC
900 Jackson Street, Suite 370
Dallas, Texas 75202
Tel: 214.573.6300
Fax: 214.573.6306
gsarles@sarleslaw.com
dunagan@sarleslaw.com

Robert Zarco
Robert M. Einhorn
Michael D. Braunstein
ZARCO EINHORN SALKOWSKI & BRITO
One Biscayne Tower
2 Biscayne Blvd., 34th Floor

rzarco@zarcolaw.com
reinhorn@zarcolaw.com
mbraunstein@zarcolaw.com